O

United States District Court
Central District of California

| | |
|---|---|
| LEGENDZ ENTERTAINMENT, LLC et al.,<br><br>             Plaintiffs,<br><br>       v.<br><br>CAM SPECIALTY LENDING 1, LTD et al.,<br><br>             Defendants. | Case No. 2:23-cv-03097-ODW (MARx)<br><br>**ORDER DENYING DEFENDANT CRESCENDO CAPITAL S.A.'S MOTION FOR ATTORNEYS' FEES [51]** |

## I.   INTRODUCTION

Plaintiffs Legendz Entertainment, LLC and Cinematic, LLC (collectively, "Legendz" or "Plaintiffs") filed this breach of contract action against Defendants Crescendo Asset Management LLC ("CAM LLC"), CAM Specialty Lending 1, Ltd. ("CAM Lending"), Brian Weiner (collectively, "CAM" or the "CAM Parties"), and Crescendo Capital S.A. ("Crescendo").  (Second Am. Compl. ("SAC") ¶¶ 5–10, ECF No. 14.)  The Court granted Crescendo's motion to dismiss for lack of personal jurisdiction.  (Order Granting MTD 11, ECF No. 49.)  Crescendo now seeks its attorneys' fees.  (Mot. Att'y's Fees Mem. ("Motion," "Fee Motion," or "Fee Mot.") 1, ECF No. 51.)  For the reasons below, the Court **DENIES** Crescendo's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In October 2022, Legendz verbally secured financing from the CAM Parties to promote a World Boxing Council sanctioned fight, scheduled for late November 2022. (Order Granting MTD 2.) The CAM Parties and Legendz signed a written agreement (the "Agreement") outlining their respective obligations. (*Id.*) The Agreement included an attorneys' fee-shifting provision that allows the prevailing party in a litigation enforcing the Agreement to recover its attorneys' fees for that lawsuit. (*See* SAC ¶ 23, Ex. A ("Agreement") ¶ 10.8, ECF No. 14-1.)

After the CAM Parties failed to fund the fight as agreed, Legendz initiated this legal action against the CAM Parties and Crescendo for breach of the Agreement. (Order Granting MTD 2–3.) The CAM Parties and Legendz agreed to resolve their dispute through arbitration. (Order Stay Pending Arbitration 2, ECF No. 24.) However, Crescendo moved to dismiss Legendz's claims due to lack of personal jurisdiction, as a foreign Swiss entity with no contacts in California. (Order Granting MTD 2, 5–10.) The Court agreed with Crescendo and dismissed it from the case. (*Id.* at 7, 10, 11.)

Crescendo now seeks its attorneys' fees related to its motion to dismiss and the present Fee Motion. (Fee Mot. 1.) The Motion is fully briefed. (Opp'n Fee Mot. ("Opp'n"), ECF No. 57; Reply ISO Fee Mot. ("Reply"), ECF No. 58.)

## III. LEGAL STANDARD

Generally, each party bears the burden of its own attorneys' fees unless a statute or private agreement provides otherwise. *Bird v. Or. Comm'n for the Blind*, 22 F.4th 809, 815 (9th Cir. 2022) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)). When a private agreement applies, a party may seek an award of attorneys' fees from the Court pursuant to the terms of the agreement. Fed. R. Civ. P. 54(d)(2)(B) ("Rule 54"). A movant seeking attorneys' fees pursuant to Rule 54 must: (1) file a motion "no later than [fourteen] days after the entry of judgment;" (2) "specify the judgment and the statute, rule, or other grounds entitling the movant

to the award;" (3) "state the amount sought or provide a fair estimate of it;" and (4) "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." *Id*.

## IV. DISCUSSION

Crescendo moves under Rule 54 for an order requiring Legendz to pay Crescendo's attorneys' fees related to its dismissal on the basis that Crescendo is the prevailing party in Legendz's breach of contract litigation. (Fee Mot. 1–5.) Legendz primarily opposes the motion on three grounds: (1) the Court lacks jurisdiction to decide this issue; (2) Crescendo's motion is untimely; and (3) Crescendo did not prevail in the underlying litigation and is therefore not entitled to recover its fees. (Opp'n 2–4.)

### A. Jurisdiction

Legendz and Crescendo both conflate subject matter and personal jurisdiction in their briefing, thus failing to offer clear or useful legal arguments on the issue. (*See* Opp'n 2; Reply 2–4.) As such, the Court independently analyzes its authority to rule on Crescendo's Motion. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("Federal courts are required sua sponte to examine jurisdictional issues . . . .").

Diversity subject matter jurisdiction, applicable here, exists where the parties are diverse in citizenship and the amount in controversy exceeds $75,000. (SAC ¶ 4); *see* 28 U.S.C. § 1332(a). Both Plaintiffs are incorporated and maintain principal places of business in California. (SAC ¶¶ 5–6); *see* 28 U.S.C. § 1332(c) (providing that a corporation is a citizen of its state of incorporation and its principal place of business). Weiner is domiciled in New York; and CAM Lending, a Cayman Islands corporation, and CAM LLC, a New York corporation, have principal places of business in New York. (SAC ¶¶ 7, 9–10); *see Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (providing an individual's citizenship is where they are domiciled). Finally, Crescendo is a Switzerland corporation with a principal place of business in

Switzerland. (SAC ¶ 9.) Thus, the parties are completely diverse in citizenship. Additionally, Legendz seeks over $1,000,000 in damages, which exceeds the jurisdictional threshold. (SAC ¶ 34.) Accordingly, the Court has diversity subject matter jurisdiction over this legal action.

Legendz argues that the Court's lack of personal jurisdiction over Crescendo precludes its consideration of Crescendo's Fee Motion. (Opp'n 2.) Not so. "[I]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). "For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Id.* Correspondingly, federal courts routinely rule on attorneys' fees motions following a personal jurisdiction dismissal. *See Bautista v. Park W. Gallery*, 388 F. App'x 635, 636–37 (9th Cir. 2010) (affirming that district court did not abuse its discretion in ruling on attorneys' fees request after dismissing movant for lack of personal jurisdiction); *see also, e.g.*, *Levine Leichtman Cap. Partners III, L.P. v. Shaker Constr. Grp., LLC*, No. 2:08-cv-01252-DDP (Ex), 2008 WL 11336778, at *1–3 (C.D. Cal. June 10, 2008) (ruling on fee motion after dismissing movant for lack of personal jurisdiction).

Accordingly, although the Court lacks personal jurisdiction over Crescendo, the Fee Motion presents a collateral issue on which the Court is authorized to rule.

**B.  Timeliness**

Legendz argues that Crescendo's Fee Motion, filed on June 19, 2024, was untimely because Crescendo filed it one day late, on June 20, 2024. (Opp'n 2.) Under Rule 54, a motion for attorneys' fees must be filed within fourteen days of the triggering order. Fed. R. Civ. P. 54(d)(2)(B)(i). However, if a deadline falls on a legal holiday, the deadline extends to the next business day. Fed. R. Civ. P. 6(a)(1)(C). Juneteenth National Independence Day, a legal holiday, fell on June 19, 2024, thereby extending Crescendo's deadline to file a fee motion to June 20, 2024. 5 U.S.C. § 6103(a). Thus, Crescendo timely filed its Fee Motion on June 20, 2024.

**C.     Prevailing Party on the Contract**

As noted, each party to a litigation generally bears its own attorneys' fees unless a statute or contract provides otherwise. *Bird*, 22 F.4th at 815. Here, Legendz sued Crescendo for breach of the Agreement, which contains the following fee-shifting provision: "If any party to this Agreement commences an action against another party to this Agreement . . . the losing party shall pay the prevailing party's reasonable outside attorneys' fees." (Agreement ¶ 10.8.) Crescendo relies on this provision to request attorney's fees. (Fee Mot. 4–5.)

As the Agreement allows the prevailing party to recover attorneys' fees, and as the Court sits in diversity, the Court "must apply the substantive law of California" to determine whether Crescendo is the prevailing party under the Agreement. *Karen Kane Inc. v. Reliance Ins. Co.*, 202 F.3d 1180, 1183 (9th Cir. 2000) (noting that a district court sitting in diversity must apply the law of the state in which it sits when deciding a contract dispute). Under California Civil Code section 1717 ("Section 1717"), a party seeking recovery of attorneys' fees must show that: (1) a contract authorizes such fees; (2) the moving party is the prevailing party; and (3) the fees incurred are reasonable. Cal. Civ. Code § 1717(a); *see also, e.g., Johnston v. Lindauer*, No. 2:07-cv-01280-GEB-EFB, 2010 WL 2850767, at *3–4 (E.D. Cal. July 20, 2010) (sitting in diversity and applying Section 1717 to determine movant's claim to attorneys' fees).

Crescendo contends it may recover attorneys' fees based on the fee-shifting provision, (1) even though it is not a signatory to the Agreement, (2) because it is the prevailing party as a result of the Court's order dismissing Crescendo from Legendz' action to enforce the Agreement. (Fee Mot. 5–9.)

1.     *Signatory to the Contract*

First, Crescendo argues that, although it is not a signatory, it may nevertheless seek fees pursuant to Section 1717 based on the Agreement's fee-shifting provision. (Fee Mot. 5–6.) "When a contract contains a provision granting either party the right

to recover attorney fees in the event of litigation on the contract . . . [Section 1717] gives the 'party prevailing on the contract' a right to recover attorney fees, whether or not that party is the party specified in the contract." *Hsu v. Abbara*, 9 Cal. 4th 863, 865 (1995); *see also Mepco Servs., Inc. v. Saddleback Valley Unified Dist.*, 189 Cal. App. 4th 1027, 1046 (2010) (explaining Section 1717 extends this right to "nonsignatory" parties who successfully defend themselves in contract litigation). Thus, Crescendo, while not a named party to the Agreement, may nonetheless seek attorneys' fees according to the fee-shifting provision because Legendz's action forced Crescendo to defend itself as though it were a party to the Agreement.

   *2. Prevailing Party on the Contract*

   Next, Crescendo contends that its success on the motion to dismiss for lack of personal jurisdiction makes it the prevailing party in the litigation. (Fee Mot. 6–9.) Under California law, the party prevailing on the contract "shall be the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). However, "[t]he prevailing party determination is to be made only upon final resolution of the contract claims," and "courts should respect substance rather than form." *Hsu*, 9 Cal. 4th at 876–877.

   A "final resolution" must be a "simple, unqualified win." *Id*. at 876. An "interim victory" is not a final resolution. *Bautista*, 388 F. App'x. at 636 (applying Cal. Civ. Code § 1717). Simply "moving a determination on the merits from one forum to another" achieves a procedural, rather than substantive, victory. *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 975 (2017). "[C]ourts have . . . rebuked a defendant's efforts to recover attorney[s'] fees under [S]ection 1717 when the technical ground for dismissal was lack of [personal or subject matter] jurisdiction," finding a final resolution must be more than a win based on "merely technical grounds." *Nolte v. CEC Ent. Inc.*, No. 2:19-cv-02463-PA (JPRx), 2019 WL 6974979, at *2 (C.D. Cal. Sept. 13, 2019). Procedural victories constitute final resolutions only in special circumstances where the claims cannot be

refiled, such as involuntary dismissals with prejudice or when the statute of limitations bars refiling a claim, making it "dispositive of the contractual dispute." *DisputeSuite.com*, 2 Cal. 5th at 975, 981.

Here, the Court granted Crescendo's motion to dismiss based on lack of personal jurisdiction. (Order Granting MTD 11.) While Legendz has yet to refile their action against Crescendo, they may still do so in a proper forum. If Legendz refiles their claims in a suitable forum, the substantive contract issues—whether Crescendo breached a contractual obligation to Legendz—would then be decided. However, at present, the substantive contract issue remains unresolved. Accordingly, Crescendo's win was merely a procedural interim victory, the contract claims are not finally resolved, and Crescendo is not a prevailing party entitled to attorneys' fees under the Agreement.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Crescendo's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

October 25, 2024

　　　　　　　　　　　　　　　　　　　　_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**